IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| VERLETTA McCUTCHEN,<br><br>Plaintiff,<br><br>-v-<br><br>EXPERIAN INFORMATION SOLUTIONS, INC., and DISCOVER BANK,<br><br>Defendants. | Civil Case Number: 3:24cv857 |

COMPLAINT AND DEMAND FOR JURY TRIAL

INTRODUCTION

1. Plaintiff, **VERLETTA McCUTCHEN**, brings this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA") alleging that Defendant DISCOVER BANK has negligently and recklessly disseminated false information regarding the Plaintiff's credit to the national credit reporting agencies.

2. Plaintiff further alleges that a major consumer reporting agency, Experian Information Solutions, Inc. (Experian), has negligently and recklessly disseminated false information regarding the Plaintiff's credit.

3. Plaintiff further alleges that Experian failed to follow reasonable procedures to ensure maximum accuracy of credit reports they prepared concerning Plaintiff and failed to investigate credit report inaccuracies in response to Plaintiff's disputes.

4. Plaintiff seeks statutory, actual, and punitive damages, along with injunctive and declaratory relief, and attorneys' fees and costs.

-1-

**JURISDICTION**

5. The Court has jurisdiction of this matter under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. All defendants regularly conduct business within the state of Virginia and violated Plaintiff's rights under the FCRA in the state of Virginia as alleged more fully below.

6. Venue is proper this district under 28 U.S.C. 1391(b) because Plaintiff resides in this district, Defendants conduct business in this district, and communications giving rise to this action occurred in this district.

**PARTIES**

7. Plaintiff, Verletta McCutchen ("Plaintiff"), is a resident of Chesterfield County, Virginia and is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

8. Defendant Experian Information Solutions, Inc. is one of the largest credit reporting agencies in the United States and is engaged in the business of assembling and disseminating credit reports concerning hundreds of millions of consumers. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) of the FCRA, and is regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d)(1) of the FCRA, to third parties.

9. Experian Information Solutions, Inc. is a corporation incorporated in the State of Florida, with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

10. Discover Bank is a major credit card company with its registered office located at CT Corporation System, 28 Liberty Street, New York, New York 10005.

## FACTUAL ALLEGATIONS

11. In late 2023, Plaintiff received a 1099-C from Discover Bank notifying the Plaintiff that an alleged debt of $3,154.23 was discharged.  See Exhibit A.

12. In early 2024, the Plaintiff noticed that the three credit bureaus were negatively reporting the Discover Bank account with a balance of $3,154.23

13. Accordingly beginning on or around May of 2024 Plaintiff sent dispute letters to Experian via certified mail.

14. In total, Plaintiff sent three disputes to Experian, the last one being delivered on August 12, 2024.

15. In each of those disputes, Plaintiff specifically advised Experian of the inaccurate reporting and requested that the incorrect information be updated.

16. Within 30 days of receipt of the Plaintiff's disputes, the Defendants were required to investigate the disputed information and provide the Plaintiff with the results of their investigation.

17. Upon information and belief, Discover Bank received copies of these disputes directly from Experian.

18. Despite receipt of these letters, Experian has continued to verify and report the inaccurate balance on her credit reports.

19. Defendants' failure to remove clearly inaccurate information is evidence of their failure to conduct a reasonable investigation upon receipt of Plaintiff's multiple disputes.

20. At all times pertinent hereto, Defendants' conduct was willful and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

21. As a direct and proximate result of Defendants' violations of the FCRA, Plaintiff has been

harmed in his daily life.

22. Defendants' violations of the FCRA accordingly caused the Plaintiff great distress, annoyance and frustration in his daily life.

23. Defendant Experian received all of Plaintiff's dispute letters.

24. However, Experian failed to do an adequate investigation of the Plaintiff's dispute and continues to report the Plaintiff 's account as a charge off in the amount of $3,154.

25. Upon information and belief, Experian relayed the Plaintiff's disputes to Discover Bank, but Discover Bank refused to investigate, correct or delete this inaccurate information.

26. At all times pertinent hereto, Experian's conduct was willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681e(b) of the FCRA.

27. At all times pertinent hereto, Discover Bank's conduct was similarly willful, and carried out in reckless disregard for a consumer's rights as set forth under section 1681s and 1681i of the FCRA.

28. As a direct and proximate result of the Defendants' willful and/or negligent refusal to assure maximum accuracy of Plaintiff's credit reports as mandated by the FCRA, Plaintiff has been harmed in her daily life.  For example, the Plaintiff's credit scores dropped severely because of this inaccurate reporting, and the Plaintiff has been unable to get credit on favorable terms as a result of the Defendants' inaccurate reporting, causing the Plaintiff to sustain monetary damages.  Plaintiff further suffered emotional distress along with frustration and annoyance because of the Defendants' actions.

**COUNT I**
**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT**
**15 U.S.C. § 1681i**
**AGAINST EXPERIAN**

29. All preceding paragraphs are realleged.

30. At all times pertinent hereto, Experian was a "consumer reporting agency" ("CRA") as that term is defined by 15 U.S.C. § 1681a(c).

31. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

32. In February of 2022, the Plaintiff initiated a dispute with Experian requesting that they correct specific items in his credit file that were patently inaccurate and damaging to him.

33. Experian received the Plaintiff's dispute letters, as evidenced by the certified mail tracking number in the Plaintiff's possession.

34. However, Experian never adequately investigated the Plaintiff's disputes, as required by the FCRA.

35. Instead, Experian, after either conducting no investigation or failing to conduct a reasonable investigation, continued to report this inaccurate information, something that any basic investigation would have prevented.

36. As a direct and proximate result of Experian's willful and/or negligent refusal to conduct a reasonable investigation as mandated by the FCRA, Plaintiff has been harmed, as explained above.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

37. All preceding paragraphs are realleged.

38. Section 1681e(b) of the FCRA requires that, "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

39. Were Experian to follow procedures to assure maximum possible accuracy of the credit report it prepares concerning Plaintiff, it would have removed the inaccurate Discover Bank account information being reported on the Plaintiff's credit report.

40. As a direct and proximate result of Experian's willful and/or negligent failure to follow procedures to assure maximum possible accuracy of the information it reports, Plaintiff have been harmed, as explained above.

## COUNT III
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST DISCOVER BANK

41. All preceding paragraphs are re-alleged.

42. Furnishers of credit information have a duty under the FCRA to investigate disputes from consumers as to the accuracy of information being reported.

43. In August of 2024, Plaintiff initiated disputes with the Experian disputing the accuracy of the account being reported by DISCOVER BANK.

44. Upon information and belief, DISCOVER BANK received notice of these disputes from the Experian.

45. DISCOVER BANK was obligated, pursuant to section 1681s-2(b) of the FCRA to conduct a

complete and thorough investigation with respect to Plaintiff's dispute.

46. DISCOVER BANK failed to reasonably investigate Plaintiff's dispute. Indeed, DISCOVER BANK could easily have checked its records and seen that it issued a 1099-C to Plaintiff in late 2023 discharging the debt.

47. Even after the Plaintiff properly disputed the accuracy of this account with Experian, TransUnion, and Equifax, DISCOVER BANK refused to conduct a reasonable investigation and continued inaccurately reporting that the Plaintiff was still in collection.

48. DISCOVER BANK's conduct violated section 1681s-2(b) of the FCRA.

49. As a result of DISCOVER BANK's conduct, Plaintiff was harmed, as discussed above.

## DEMAND FOR TRIAL BY JURY

50. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

A. Awarding Plaintiff actual damages;

B. Awarding Plaintiff statutory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees and expenses;

E. Awarding pre-judgment interest and post-judgment interest;

F. A declaration that the Defendants' conduct alleged herein is unlawful, as set forth more fully above;

G. Equitable relief, enjoining the Defendants from engaging in the unjust and unlawful conduct alleged herein; and

H. Awarding Plaintiff such other and further relief as this Court may deem just and proper.

Dated: December 2, 2024

/s/ Aryeh E. Stein
Aryeh E. Stein, # 45895
Meridian Law, LLC
1212 Reisterstown Road
Baltimore, MD 21208
443-326-6011 (phone)
410-782-3199 (fax)
astein@meridianlawfirm.com
*Attorney for Plaintiff*

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Attorney for Plaintiff*
Pro Hac Vice Motion Forthcoming