IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **VERLETTA MCCUTCHEN,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**EXPERIAN INFORMATION SOLUTIONS,** )<br>**INC., and DISCOVER BANK,** )<br>)<br>**Defendants.** ) | **CASE NO. 3:24-cv-00857** |

### ANSWER OF DISCOVER BANK

COMES NOW Defendant Discover Bank ("Discover"), by and through its undersigned counsel, and without waiving and expressly preserving the right to demand arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, hereby files this Answer and Affirmative Defenses to the Complaint filed by Plaintiff Verletta McCutchen ("Plaintiff"), stating as follows:

### INTRODUCTION

1. Discover admits only that Plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), but denies that Plaintiff's allegations have any merit or that Discover committed any wrongdoing or violation of law with respect to Plaintiff and demands strict proof thereof.

2. Paragraph 2 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 2 and, therefore, denies the same and demands strict proof thereof.

3. Paragraph 3 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover is without sufficient

knowledge and information to admit or deny the allegations in Paragraph 3 and, therefore, denies the same and demands strict proof thereof.

4. Discover admits that Plaintiff seeks the relief stated in this paragraph but denies that Plaintiff is entitled to any of the requested relief or any damages in any amount whatsoever and demands strict proof thereof.

## JURISDICTION

5. The first sentence of Paragraph 5 states a legal conclusion to which no response from Discover is necessary. To the extent a response is required, Discover admits that 28 U.S.C. § 1331 and 15 U.S.C. § 1681p speak for themselves and denies any allegations inconsistent therewith. In response to the second sentence of Paragraph 5, Discover denies the allegations of this sentence as to Discover and demands strict proof thereof.

6. Paragraph 6 states a legal conclusion to which no response from Discover is necessary. To the extent a response is required, Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 6 and, therefore, denies the same and demands strict proof thereof.

## PARTIES

7. Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 7 and, therefore, denies the same and demands strict proof thereof.

8. Paragraph 8 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 8 and, therefore, denies the same and demands strict proof thereof.

9. Paragraph 9 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 9 and, therefore, denies the same and demands strict proof thereof.

10. Discover admits that it offers credit to consumers and that the stated address is its registered agent in New York. Otherwise, Discover denies the allegations in Paragraph 10 and demands strict proof thereof.

## FACTUAL ALLEGATIONS

11. Discover admits that a Form 1099-C was issued for a debt owed by Plaintiff to Discover. Except as expressly admitted herein, Discover denies the allegations in paragraph 11 and demands strict proof thereof.

12. Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 12 and, therefore, denies the same and demands strict proof thereof.

13. Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 13 and, therefore, denies the same and demands strict proof thereof.

14. Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 14 and, therefore, denies the same and demands strict proof thereof.

15. Discover denies that its reporting of the subject account was inaccurate or incorrect at any time and demands strict proof thereof. Discover is without sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 15 and, therefore, denies the same and demands strict proof thereof.

16. The allegations in paragraph 16 assert a legal conclusion to which Discover is not required to respond. To the extent a response is required, Discover denies the allegations in paragraph 16 and demands strict proof thereof.

17. Discover admits that it received two credit reporting disputes on the subject account from Experian. Except as expressly admitted herein, Discover denies the allegations in paragraph 17 and demands strict proof thereof.

18. Discover denies that its reporting of the subject account was "inaccurate" at any time and demands strict proof thereof. Discover is without sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 18 and, therefore, denies the same and demands strict proof thereof.

19. Discover denies the allegations in Paragraph 19 and demands strict proof thereof.

20. Discover denies the allegations in Paragraph 20 and demands strict proof thereof.

21. Discover denies the allegations in Paragraph 21 and demands strict proof thereof.

22. Discover denies the allegations in Paragraph 22 and demands strict proof thereof.

23. Paragraph 23 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 23 and, therefore, denies the same and demands strict proof thereof.

24. Paragraph 24 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 24 and, therefore, denies the same and demands strict proof thereof.

25. Discover admits that it received two credit reporting disputes on the subject account from Experian. Except as expressly admitted herein, Discover denies the allegations in paragraph 25 and demands strict proof thereof.

26. Paragraph 26 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 26 and, therefore, denies the same and demands strict proof thereof.

27. Discover denies the allegations in Paragraph 27 and demands strict proof thereof.

28. Discover denies the allegations in Paragraph 28 and demands strict proof thereof.

## COUNT I
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681i
## AGAINST EXPERIAN

29. Discover reasserts and reincorporates its responses to the preceding paragraphs as if fully set forth herein.

30. Paragraph 30 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 30 and, therefore, denies the same and demands strict proof thereof.

31. Paragraph 31 asserts a legal conclusion to which Discover is not required to respond. To the extent a response is required, Discover admits that the FCRA speaks for itself; otherwise, denied.

32. Paragraph 32 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover denies that its reporting of the subject account was inaccurate or damaging to Plaintiff and demands strict proof thereof.

Discover is without sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 32 and, therefore, denies the same and demands strict proof thereof.

33. Paragraph 33 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 33 and, therefore, denies the same and demands strict proof thereof.

34. Paragraph 34 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover is without sufficient knowledge and information to admit or deny the allegations in Paragraph 34 and, therefore, denies the same and demands strict proof thereof.

35. Paragraph 35 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover denies that its reporting of the subject account was inaccurate and demands strict proof thereof. Discover is without sufficient knowledge and information to admit or deny the remaining allegations in Paragraph 35 and, therefore, denies the same and demands strict proof thereof.

36. Paragraph 36 is directed at a party other than Discover and thus no response from Discover is necessary. To the extent a response is required, Discover denies the allegations of paragraph 36 and demands strict proof thereof.

## COUNT II
## FAILURE TO ASSURE MAXIMUM POSSIBLE ACCURACY
## 15 U.S.C. § 1681e(b)
## AGAINST EXPERIAN

37. Discover reasserts and reincorporates its responses to the preceding paragraphs as if fully set forth herein.

38. Paragraph 38 asserts a legal conclusion and, thus, no response is required. To the extent a response is required, Discover admits that the FCRA speaks for itself; otherwise, denied.

39. Discover denies the allegations of Paragraph 39 and demands strict proof thereof.

40. Discover denies the allegations of Paragraph 40 and demands strict proof thereof.

## COUNT III
## FAILURE TO INVESTIGATE DISPUTE
## FCRA, 15 USC § 1681s-2(b)
## AGAINST DISCOVER BANK

41. Discover reasserts and reincorporates its responses to the preceding paragraphs as if fully set forth herein.

42. Paragraph 42 states a legal conclusion to which no response is required. To the extent a response is required, Discover admits that the FCRA speaks for itself and denies any allegations inconsistent therewith.

43. Discover admits that Plaintiff's disputes to Experian speak for themselves; otherwise, denied.

44. Discover admits that it received two ACDV's from Experian relating to the subject account. Otherwise, denied.

45. The allegations of paragraph 45 assert a legal conclusion to which Discover is not required to respond. To the extent a response is required, Discover admits that the FCRA speaks for itself and denies any allegations inconsistent therewith.

46. Discover denies the allegations in Paragraph 46 and demands strict proof thereof.

47. Discover denies the allegations in Paragraph 47 and demands strict proof thereof.

48. Discover denies the allegations in Paragraph 48 and demands strict proof thereof.

49. Discover denies the allegations in Paragraph 49 and demands strict proof thereof.

## DEMAND FOR JURY TRIAL

50. Discover admits that Plaintiff has demanded a trial by jury but denies that Plaintiff is entitled to a trial by jury because she has agreed to arbitrate her claims against Discover and demands strict proof thereof.

## PRAYER FOR RELIEF

In response to the unnumbered paragraph appearing below the heading "**PRAYER FOR RELIEF**," and beginning with "**WHEREFORE**," and subparagraphs A, B, C, D, E, F, G, and H thereunder, Discover denies that Plaintiff is entitled to any judgment, actual damages, statutory damages, punitive damages, costs, attorney's fees, pre- or post-judgment interest, a declaration, equitable relief, or any other relief whatsoever against Discover and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

## FIRST DEFENSE

Plaintiff's claims against Discover are subject to a valid and binding arbitration agreement, and Discover explicitly reserves the right to seek to compel arbitration of Plaintiff's claims against Discover. By filing this Answer and Affirmative Defenses as required by the Federal Rules of Civil Procedure, Discover does not waive the right to move to compel arbitration.

## SECOND DEFENSE

Plaintiff fails to state a claim against Discover upon which relief can be granted. Among other reasons, Plaintiff cannot establish that Discover failed to conduct a reasonable investigation regarding the account's reporting status or that the information reported by Discover regarding the account was inaccurate. Additionally, Discover's investigation of Plaintiff's dispute(s), if any were

received, was reasonable in light of the information provided by the credit reporting agencies and Discover acted reasonably and in compliance with the FCRA.

### THIRD DEFENSE

Discover is not liable because it acted in good faith, without malice, and in conformity with applicable rules, regulations, and statutory interpretations, including any duties under 15 U.S.C. § 1681, *et seq.*

### FOURTH DEFENSE

Discover denies that it is guilty of any fault, either negligent, wanton, willful, or otherwise.

### FIFTH DEFENSE

Plaintiff's claims fail to the extent that Plaintiff's purported damages were the direct and proximate result of the conduct of Plaintiff or others. Any violation of the law or damage suffered by Plaintiff, which Discover denies, was due to the affirmative actions and/or omissions of Plaintiff and thus does not give rise to any liability of Discover.

### SIXTH DEFENSE

Plaintiff has failed to mitigate her damages, if any.

### SEVENTH DEFENSE

Any violation of the law or damage suffered by Plaintiff, which Discover denies, was due to the affirmative actions and/or omissions of Plaintiff and does not give rise to any liability of Discover. In the alternative, Plaintiff's alleged injuries were the result of an intervening or superseding cause or the acts or omissions of third parties over which Discover had no responsibility or control and for which Discover may not be held liable.

**EIGHTH DEFENSE**

To the extent Plaintiff's claims against Discover relate to conduct beyond the applicable statute of limitations, they are barred.

**NINTH DEFENSE**

Plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, release, unclean hands, accord and satisfaction, ratification, consent and acquiescence.

**TENTH DEFENSE**

Plaintiff's claims are barred by the principles of equity.

**ELEVENTH DEFENSE**

Plaintiff is not entitled to attorney's fees or costs.

**TWELFTH DEFENSE**

Discover reserves the right to assert that venue is improper.

**THIRTEENTH DEFENSE**

Plaintiff's claims against Discover are barred, in whole or in part, by the doctrines of recoupment and/or set-off. Discover is further entitled to set-off for any amounts due and owing that exceed the alleged damages suffered by Plaintiff.

**FOURTEENTH DEFENSE**

The claims asserted by Plaintiff against Discover are barred by any bankruptcy case filed by Plaintiff based on the doctrines of *res judicata*, judicial estoppel, 11 U.S.C. § 1327(a), 11 U.S.C. § 704, 11 U.S.C. § 541, waiver, equitable estoppel, and release. Moreover, as a result of any such prior proceedings, Plaintiff is not the real party in interest to bring the present claims and lack standing to pursue the causes of action.

**FIFTEENTH DEFENSE**

Plaintiff's claims must fail for lack of actual damages.

## SIXTEENTH DEFENSE

Discover affirmatively invokes and asserts all defenses created by and under the FCRA.

## SEVENTEENTH DEFENSE

Discover pleads the general issues and states that it is not guilty of any of the allegations set forth in the Complaint.

## EIGHTEENTH DEFENSE

To the extent Plaintiff seeks punitive damages, the Complaint fails to state a claim upon which punitive damages may be awarded.

## NINETEENTH DEFENSE

Discover avers that an award of punitive damages in this case would serve no purpose for which punitive damages can be awarded.

## TWENTIETH DEFENSE

Plaintiff's claims for punitive damages are barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the holdings of, and/or standards set forth in *BMW of North America v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Grp., Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513 (2003); and any subsequently entered opinions of the United States Supreme Court addressing punitive damages.

## TWENTY-FIRST DEFENSE

To the extent not otherwise encompassed by the defenses asserted above, Plaintiff's claims for punitive damages are further barred, in whole or in part, to the extent an award of any such punitive damages would be violative of the United States Constitution and/or the Constitution of

the Commonwealth of Virginia or any law passed by the United States Congress or the Virginia State Legislature limiting awards of punitive damages or the amount of such damages.

### TWENTY-SECOND DEFENSE

Plaintiff's claims for punitive damages against Discover cannot be upheld, because an award of punitive damages under Virginia law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Virginia law would violate Discover's due process rights guaranteed by the United States Constitution and by the due process provisions of the Virginia Constitution.

### TWENTY-THIRD DEFENSE

Plaintiff lacks standing.

### TWENTY-FOURTH DEFENSE

To the extent that Plaintiff is seeking them, Plaintiff cannot recover for mental pain and suffering, emotional distress, or similar damages, if any, in that there is no fixed, objective and/or clear and consistent standard under applicable state law for ascertaining the amount thereof, such that any award of said damages against Defendant would violate the Fifth and Fourteenth Amendments to the United States Constitution, which prohibit deprivation of life, liberty, or property, except by due process.

### TWENTY-FIFTH DEFENSE

To the extent not listed above, Discover hereby incorporates all affirmative defenses set out in Fed. R. Civ. P. 8(c) as if set forth fully herein.

### RESERVATION OF DEFENSES

Discover reserves the right to assert additional defenses as this case progresses. To the extent that any of the foregoing allegations in the Complaint have not been expressly admitted, they are hereby denied.

Respectfully submitted this the 23rd day of December, 2024.

*/s/ Rachel R. Friedman*
Rachel R. Friedman (VA Bar No. 93898)
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
E-mail: rfriedman@burr.com

Counsel for Defendant
DISCOVER BANK

**CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2024 the foregoing document was filed with the Clerk of Court by using the CM/ECF system which will send an electronic service copy to:

Aryeh E. Stein
Meridian Law, LLC
1212 Reisterstown Road
Baltimore, MD 21208
astein@meridianlawfirm.com

Yitzchak Zelman, Esq.
MARCUS & ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712

*Attorneys for Plaintiff*


David Neal Anthony
Troutman Pepper Hamilton Sanders LLP (Richmond)
Troutman Sanders Bldg
1001 Haxall Point
PO Box 1122
Richmond, VA 23219

*Attorney for Experian*

　　　　　　　　　　　*/s/ Rachel R. Friedman*
　　　　　　　　　　　Rachel R. Friedman
　　　　　　　　　　　OF COUNSEL